MAJORIE L. EGELHOF, Respondent, *v.* INWOOD CREDIT UNION, Appellant.

Supreme Court, Appellate Term, First Department, June 6, 1935.

*Slavin & Leichtman,* for the appellant.

*Gold & Maran,* for the respondent.

CALLAHAN, J.   Action by judgment creditor of employee against employer to recover ten per cent of wages pursuant to subdivision 3 of section 684 of the Civil Practice Act.

The answer pleads that prior to the service of the garnishee execution upon defendant and on October 8, 1934, there was duly served upon defendant an assignment of ten per cent of the wages of the employee duly executed pursuant to section 46 of the Personal Property Law; that thereafter and pursuant to the assignment defendant made payments to the assignee; and that by reason thereof there are no moneys due to the plaintiff upon her execution. The assignment is in evidence.   It is dated October 6, 1934, and is to secure moneys loaned in January. 1933.

The facts are undisputed.

The question involved is whether section 46 of the Personal Property Law, in so far as it is inconsistent with section 42 of the same law, repeals the latter by implication.

Section 46 was enacted by chapter 738 of the Laws of 1934. It provides:

" § 46. Wage assignments; when valid; amount collectible thereunder.   1. No assignment of or order for the payment of any salary, wages, commissions, or other compensation for services to be earned in the future, securing or relating to any indebtedness aggregating less than one thousand dollars, whether made directly or under a power of attorney, shall be valid for any purpose whatsoever unless: (a) such assignment or order shall be contained in a separate written instrument which shall identify specifically the transaction to which it relates, (b) no other assignment or order exists in connection with the same transaction or series of transactions and (c) the salary, wages, commissions, or other compensation for services of the assignor amounts at least to the sum of twelve dollars per week."

By subdivision 2 of the act a sum not to exceed ten per cent of the assignor's wages, salary, commissions or other compensation

is collectible from the assignor's employer at the time of each payment of compensation from the time that a true, authenticated copy of the assignment or order together with itemized statement of the amount then due is filed with the employer, provided that no other such assignment or order is subject to payment, that no levy on execution against said compensation for services is in force, and it is further provided that while any portion of any such valid assignment remains unpaid no other portion of such compensation shall be withheld from the assignor or paid to satisfy in whole or in part any subsequently filed assignment or order or subsequent levy on execution.

Section 42 of the Personal Property Law, which became effective in 1904 and was last amended in 1911, provides that any person making to an employee an advance of money or loan on account of salary or wages due or to be earned, upon an assignment or note covering such loan advanced, shall not acquire any right to collect or attach the same (the amount collectible or attachable being unlimited) while in the possession or control of the employer, unless the assignment or note is dated on the same day on which the loan is actually made and is filed with the employer within three days after the assignment or note is actually made. Respondent contends that as the conditions thus prescribed by section 42 were not complied with here the trial judge properly awarded judgment to plaintiff.

As the present assignment was to secure money loaned it would come within the letter of section 42 (*Vilbig* v. *Kyle & Purdy, Inc.*, 182 N. Y. Supp. 905) unless section 46 prevails.

It is to be noted that section 46 embraces assignments or orders for the payment of any salary, wages, commissions or other compensation for services to be earned in the future, securing or relating to any indebtedness aggregating less than $1,000. It would seem that it was the intent of the Legislature in passing section 46 to limit the sum which might be taken from the wages or compensation of an employee at any one time to ten per cent of such wages or compensation. It would further appear that this limitation was intended to apply to assignments of wages coming within section 42. Therefore, we hold that to the extent indicated by its specific provisions, section 46 supersedes the general provision of subdivisions 1 and 2 of section 42 in so far as both sections are *in pari materia*.

Judgment reversed, with thirty dollars costs, and judgment directed for defendant, with costs.

All concur; present, HAMMER, CALLAHAN and SHIENTAG, JJ.